**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUCY FRASER,

    Plaintiff,

vs.                                                                       CASE NO. 3:06-cv-954-J-20TEM

AOL LLC,

    Defendant.

_____

## O R D E R

This case is before the Court on Defendant AOL LLC's Motion to Establish Reasonable Expert Fee. (Doc. #13). Defendant seeks an order setting forth a reasonable fee for taking the deposition of Dr. Vivian Allen (Dr. Allen), Plaintiff's treating physician in the instant matter. (Doc. #13). Rather than Dr. Allen's fee of $2,000 per hour for deposition testimony (billed at $500 for every fifteen minutes), Defendant requests the reasonable fee amount be set at $350 per hour in accordance with fees being charged by comparable medical experts in the state of Florida. (Doc. #13 at 8 and Exhibits G & H).

The Court notes Plaintiff does not object to the instant motion and counsel for Defendant certifies that a copy of the instant motion has been sent to Dr. Allen *via* First Class U.S. Mail. (Doc. #13 at 10-11). The Court further notes that neither a response in opposition to the instant motion, nor documents justifying Dr. Allen's hourly deposition rate of $2,000 per hour have been filed by Dr. Allen.

Rule 26(b)(4)(c) states: "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." In determining a reasonable fee, "the ultimate goal must be to calibrate [a] balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls for the plaintiff's experts." *Anthony v. Abbott Laboratories*, 106 F.R.D. 461, 465 (D.R.I. 1985).

To strike this balance and determine a reasonable fee, courts have generally considered six to eight factors, including: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery sought; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert to the retaining party; (7) the fee traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests. *See Adams v. Memorial Sloan Kettering Cancer Center*, 2002 U.S. Dist. LEXIS 11688 (S.D.N.Y. 2002) citing *Coleman v. Dydula*, 190 F.R.D. 320, 324 (W.D.N.Y 1999); *see also Hose v. Chicago & N. W. Transp. Co.*, 154 F.R.D. 222 (S.D. La. 1994) and *Foster v. Oelrich*, 2006 U.S. Dist. LEXIS 77499 (N.D. Fla. 2006).

In rejecting a treating neurologist demand for $800 per hour, and setting the fee at $400 per hour, the *Hose* court found:

> [The neurologist's] status as Plaintiff's treating physician, rather than a privately retained expert, further militates against awarding a fee request of $800.00 per hour.  As the court recently observed in *Pierce v. Nelson*, 509 N.W.2d [471,474 (Iowa 1993)], '[u]nlike an expert retained only for litigation, a treating physician gains unique and firsthand knowledge through the doctor-patient relationship. When knowledge gained in that relationship bears on an issue in controversy, the treating physician assumes the obligation born by all citizens to give relevant testimony.'"

154 F.R.D. at 225-26.

In the instant case, Dr. Allen is Plaintiff's treating ophthalmologists.  (Doc. #13 at 8). Dr. Allen has demanded a fee of $1,000 for a 30 minute deposition, which she claims to be her standard hourly rate of $2,000 billed at $500 for every 15 minutes.  (Doc. #13, Exhibits D & F).  While the Court recognizes Dr. Allen has an extensive education and operates an expensive medical practice, there is no evidence of record supporting Dr. Allen's contention that she traditionally receives $2,000 for one hour of deposition testimony in her capacity as a treating physician.

Defendant, on the other hand, has produced evidence that supports its contention that the prevailing hourly rate for comparably respected medical experts is between $350 and $400 per hour.  Specifically, Defendant has produced invoices which indicate the rate charged by medical experts retained by Defendant in similar cases within the past year is between $350 and $400 per hour.  (*See* Doc. #13, Exhibits G & H).

Defendant maintains that the deposition was arranged with Dr. Allen to take place at 8:00 a.m. in her office, which was a time and place most convenient for Dr. Allen and least disruptive to her practice. (Doc. #13 at 2).  The deposition, apparently, began at 8:00

a.m. and was concluded by 8:30 a.m. (Doc. #13 at 2). Defendant maintains that during the deposition, Dr. Allen gave testimony regarding her treatment of Plaintiff, when Plaintiff would be able to return to work following her cataract surgery, and comments made by Plaintiff to Dr. Allen regarding Plaintiff's overall medical condition. (Doc. #13 at 2-3). The Court finds the nature, quality, and complexity of the aforementioned discovery sought by Defendant does not justify Dr. Allen's demand for the equivalent of $2,000 per hour for the time it took to elicit such testimony.

In this case, Defendant does not oppose paying Dr. Allen a reasonable fee for her attendance at the deposition. (Doc. #13 at 6). Defendant does, however, object to paying an unreasonable and exorbitant fee, and argues that a reasonable fee of no more than $350 per hour should be set by the Court. (Doc. #13 at 6).

Based on the foregoing reasons, the Court agrees with Defendant and finds Dr. Allen's expert fee of $2,000 per hour for deposition testimony as a treating physician is unreasonable. The Court notes, however, that Defendant indicated to Dr. Allen that her deposition would take no more than one hour (Doc. #13-2 at 1); therefore, it is reasonable to presume Dr. Allen anticipated the deposition lasting one hour and scheduled her appointments accordingly. Therefore, the Court finds Dr. Allen likely lost money from unscheduled patient appointments during the hour time-frame she anticipated spending in the deposition and that she should be compensated for an entire hour, notwithstanding the fact she only testified for 30 minutes.

After evaluating the factors set forth by other district courts and the relevant aspects of this case, it is hereby **ORDERED**:

1. Defendant AOL LLC's Motion to Establish Reasonable Expert Fee (Doc. #13) is **GRANTED in part**.

2. The Court finds Defendant's proposed standard rate of **$350 per hour is a reasonable expert fee under the facts of this case**.

3. Since Dr. Allen likely calendered one hour for her deposition to occur, she **shall be compensated $350 for an entire hour, irrespective of the fact she only testified for 30 minutes**.

4. Since Dr. Allen has already received $350 from Defendant regarding this matter (Doc. #13-4), she is **not entitled to any additional compensation from Defendant**.

**DONE AND ORDERED** at Jacksonville, Florida this  4th  day of February, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
    and:
        Vivian Allen, M.D.
        4205 Belfort Rd. #3030
        Jacksonville, FL 32216